KATHRYN HARSTAD (Bar No. 11012)
JONATHAN K. THORNE (Bar No. 12694)
**STRINDBERG & SCHOLNICK, LLC**
675 East 2100 South, Suite 350, Plaza 7-21
Salt Lake City, UT 84106
Tel: (801) 359 4169
Fax: (801) 359 4313
kass@utahjobjustice.com
jonathan@utahjobjustice.com

Christopher B. Hall, *Pro Hac Pending*
**HALL & LAMPROS, LLP**
1230 Peachtree St. NE, Suite 950
Atlanta, GA 30309
Tel.: (404) 876-8100
Fax: (404) 876-3477
chall@hallandlampros.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH
## CENTRAL DIVISION

| | | |
|---|---|---|
| **RYANN LOVE,** | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | **(Jury Demanded)** |
| v. | ) | |
| | ) | |
| **CHG HEALTHCARE SERVICES,** | ) | |
| **INC.**; and **WEATHERBY** | ) | Civil No.: 2:18cv00483 DB |
| **LOCUMS, INC.** | ) | |
| | ) | Judge: Dee Benson |
| Defendants. | ) | |
| | ) | |

_____

Ryann Love ("Plaintiff"), by and through his undersigned attorneys, hereby complains and alleges against CHG Healthcare, Inc. and Weatherby Locums, Inc. (collectively "Defendants") as follows:

## NATURE OF THE CLAIMS

1. This action is brought against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* for unpaid wages.

2. Plaintiff seeks damages for unpaid wages, liquidated damages, prejudgment interest, costs, attorneys' fees and expenses, and all other awardable damages.

## PARTIES

3. Plaintiff is a resident of California.

4. CHG Healthcare, Inc. ("CHG") is a Delaware corporation with its address on file with the Utah Secretary of State as 7259 South Bingham Junction Blvd., Midvale, UT 84047.

5. CHG resides in this district, and its registered agent for service of process in Utah is Sharon Gorman, 7259 South Bingham Junction Blvd., Midvale, UT 84047.

6. CHG is the parent company for Weatherby Locums, Inc.

7. Weatherby Locums, Inc. ("Weatherby") is a Florida corporation with its address on file with the Utah Secretary of State as 7259 South Bingham Junction Blvd., Midvale, UT 84047.

8. Weatherby resides in this district, and its registered agent for service of

process in Utah is Sharon Gorman, 7259 South Bingham Junction Blvd., Midvale, UT 84047.

## JURISDICTION AND VENUE

9. This court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391. Both Defendants reside in this judicial district.

11. The employment agreement between the employee Plaintiff and Defendant employers Weatherby and CHG requires that this lawsuit be filed in this district.

12. The relevant time period is three (3) years prior to the filing of this complaint.

## FACTS

13. Defendants own and operate a healthcare staffing company, where Plaintiff was employed as a "sales consultant" for ninety-one (91) weeks during the period June 15, 2015 through March 13, 2017.

14. Defendants were Plaintiff's joint employers under the FLSA. *See*, 29 C.F.R. § 791.2 (b) ("a joint employment relationship generally will be considered to exist in situations such as…[w]here one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee").

15. Plaintiff had an employment contract with CHG, Weatherby, and other CHG affiliated entities.

16. The other CHG affiliated entities that were parties to the employment contract were CHG Companies, Inc., CHG Medical Staffing, Inc., CHG Management, Inc., and CompHealth Associates, Inc. ("other CHG affiliated entities").

17. The other CHG affiliated entities are not required parties under Fed. R. Civ. P. 19.

18. Weatherby and CHG were joint employers of Plaintiff at all relevant times, and each is responsible for complying with the FLSA. 29 C.F.R. § 791.2.

19. At all times during the relevant period, CHG had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

20. At all times during the relevant period, CHG was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

21. At all times during the relevant period, Weatherby had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

22. At all times during the relevant period, Weatherby was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

23. The Tenth Circuit has adopted the economic-reality test in determining whether an individual or entity is an employer under the FLSA. *Saavedra v. Lowe's Home Centers, Inc.*, 748 F. Supp. 2d 1273, 1286 (D.N.M. 2010) (citing *Fernandez v. Mora-San*

*Miguel Elec. Co-op., Inc.*, 462 F.3d 1244 (10th Cir. 2006)).

24. "In applying the economic reality test, courts generally look at (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business." *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440-41 (10th Cir. 1998) ("None of the factors alone is dispositive; instead, the court must employ a totality-of-the-circumstances approach.").

25. Defendants CHG and Weatherby (1) had absolute control of Plaintiff's schedule and duties; (2) Plaintiff was paid a commission but had no opportunity for profit or loss consistent with the characteristics of being an independent contractor; (3) compared to Defendant's investment in the overall business, Plaintiff's investments are not so significant and indicate he was an independent contractor; (4) Plaintiff's work relationship with Defendants was constant and unchanged throughout Plaintiff's entire employment; (5) Plaintiff is a skilled individual but does not possess any specialized training; and (6) Plaintiff's work is an integral part of Defendants' business.

26. Both CHG and Weatherby had substantial supervisory powers in relation to Plaintiff's work, had direct control over Plaintiff's pay, and had control over Plaintiff's day-to-day functions. This management, supervision, and control over all aspects of Plaintiff's employment make both CHG and Weatherby liable for wage violations under

the FLSA.

27. Plaintiff was a non-exempt hourly worker for Defendants during the relevant period.

28. Plaintiff worked in excess of forty (40) hours per workweek. Defendants incorrectly classified Plaintiff as an exempt employee under the FLSA. Defendants denied Plaintiff overtime compensation based on this misclassification.

29. Plaintiff's primary duty was inside sales and completion of routine recruiting tasks that were pursuant to the techniques, processes, and procedures set by Defendants.

30. Plaintiff did not exercise discretion and independent judgment relating to the recommendation of candidates to Defendants' clients.

31. Plaintiff's hours worked were always in excess of forty (40) hours per workweek.

32. At all times throughout the relevant period, Plaintiff was paid a regular base salary between $35,000.00 and $40,000.00 plus commission for all hours worked, including but not limited to all hours worked in excess of forty (40) hours per workweek.

33. Plaintiff's average wage was approximately $17.50 to $20.00 per hour. Plaintiff is entitled to 1 ½ times this hourly wage in additional compensation for each hour of overtime. Plaintiff's total damages, including liquidated damages, are in excess of $150,000.00.

34. Defendants willfully refused to pay Plaintiff properly for overtime

compensation as required by the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

35. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

36. At all times during the relevant period, Defendants was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all times during the relevant period, Defendants employed Plaintiff within the meaning of the FLSA.

38. At all times during the relevant period, Defendants had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked in excess of forty (40) hours per workweek.

39. As a result of Defendants' willful failure to pay Plaintiff at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, Defendants violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

40. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled

to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and expenses, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff requests that this matter be tried before a jury.

## PRAY FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants, and award the following relief:

A. An award of unpaid compensation for overtime wages to Plaintiff;

B. An award of all liquidated damages for unpaid overtime wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this June 14, 2018,

**STRINDBERG & SCHOLNICK, LLC**

/s/
Kathryn Harstad
Jonathan K. Thorne
Attorneys for Plaintiff